**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| CARLA FRITZ, | : | |
| | : | |
| Plaintiff, | : | No.: 3:24-CV-01105-JKM |
| | : | |
| v. | : | |
| | : | |
| WEST PENN TOWNSHIP, | : | CIVIL ACTION - LAW |
| | : | |
| Defendant. | : | JURY TRIAL DEMANDED |
| | : | |

**DEFENDANT WEST PENN TOWNSHIP'S ANSWER TO PLAINTIFF'S**
**AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant, West Penn Township (the "Township"), by and through its counsel, Siana Law, LLP, hereby answers Plaintiff's Amended Complaint (ECF #9) and sets forth Affirmative Defenses as follows:

## I.  INTRODUCTION

1.      Admitted only that Plaintiff asserted claims against the Township. The merits of the claims are denied.

## II. PARTIES

2.      Admitted.

3.      Admitted.

1

### III.        <u>JURISDICTION</u>

4.      Admitted only to the extent the definition of employer within the ADA speaks for itself.

5.      Admitted as to jurisdiction only. The merits of Plaintiff's claims are denied.

6.      Admitted.

7.      Admitted. By way of further response, the April 11, 2024 letter speaks for itself.

8.      Admitted in part. Denied in part. Admitted only to the extent the March 9, 2024 letter speaks for itself. The remainder of the allegation is denied.

### IV.        <u>FACTUAL BACKGROUND</u>

9.      Admitted.

10.     Admitted in part. Denied in part. It is admitted Glenn Hummel was a Township Supervisor in 2022. The remainder of the allegations in Paragraph 10 are denied.

11.     Denied.

12.     Denied.

13.     Denied. It is believed and therefore averred that Plaintiff submitted an FMLA application on August 10, 2023.

14.     Denied as stated. Plaintiff submitted a Worker's Compensation claim on August 9, 2023.

15.     Denied only to the extent the initial FMLA claim was denied.

16.     Admitted upon information and belief.

17.     Denied as stated. It is admitted only that the Township approved Plaintiff's FMLA request.

18.     Denied. Plaintiff was provided notice of the denial of her Worker's Compensation claim by letter dated August 23, 2023.

19.     Denied as stated. The specific dates upon which Plaintiff identified leave pursuant to the FMLA is unknown.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied as stated. Plaintiff's employment was terminated following a majority vote of the Board of Supervisors based upon budgetary concerns. By way of further response, the administrative position in the police department was abolished by vote of the Board of Supervisors on October 16, 2023.

## COUNT I
## DISABILITY DISCRIMINATION

25.     Denied. The Township incorporates by reference its responses to Paragraphs 1-24 as if the same were set forth herein at length.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

**WHEREFORE,** Defendant, West Penn Township, demands judgment in its favor and against Plaintiff, along with costs, attorney's fees, and any other such relief that this Court deems just and appropriate.

## COUNT II
## ADA RETALIATION

32.     Denied. The Township incorporates by reference its responses to paragraphs 1-31 as if the same were set forth herein at length.

33.     Denied.

34.     Denied.

35.     Denied.

4

36.    Denied.

37.    Denied.

38.    Denied.

**WHEREFORE,** Defendant, West Penn Township, demands judgment in its favor and against Plaintiff, along with costs, attorney's fees, and any other such relief that this Court deems just and appropriate.

## COUNT III
## DISABILITY DISCRIMINATION
## FAILURE TO ACCOMMODATE

39.    Denied. The Township incorporates by reference its responses to paragraphs 1- 38 as if the same were set forth in herein at length.

40.    Denied.

41.    Admitted in part. Denied in part. It is admitted only that the ADA laws speak for themselves. The remainder of Paragraph 41 is denied.

42.    Denied.

43.    Denied.

44.    Denied.

**WHEREFORE,** Defendant, West Penn Township, demands judgment in its favor and against Plaintiff, along with costs, attorney's fees, and any other such relief that this Court deems just and appropriate.

## COUNT IV
## FAIR LABOR STANDARDS ACT VIOLATIONS

45.     Denied. The Township incorporates by reference its responses to paragraphs 1- 44 as if the same were set forth in herein at length.

46.     Denied as stated. The FLSA definition of employer speaks for itself.

47     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied as stated. Section 216 of the FLSA speaks for itself. The remainder of the allegation is denied to the extent Plaintiff is not entitled to penalties.

69(a-n). Denied.

**WHEREFORE,** Defendant, West Penn Township, demands judgment in its favor and against Plaintiff, along with costs, attorney's fees, and any other such relief that this Court deems just and appropriate.

## COUNT V
## BREACH OF CONTRACT

70.    Denied. The Township incorporates by reference its responses to paragraphs 1- 69 as if the same were set forth in herein at length.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.   Denied.

76.   Denied.

77.   Denied.

78.   Denied.

79.   Denied.

80.   Denied.

81.   Denied.

82.   Denied.

83.   Denied.

84.   Denied.

85.   Denied.

86.   Denied.

87.   Denied.

88.   Denied.

89.   Denied.

90.   Denied.

**WHEREFORE,** Defendant, West Penn Township, demands judgment in its favor and against Plaintiff, along with costs, attorney's fees and any other such relief that this Court deems just and appropriate.

## AD DAMNUM CLAUSE/PRAYER FOR RELIEF

Denied. The allegations set forth in the Ad Damnum Clause/Prayer for Relief, inclusive of subparagraphs (a-m) are denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against West Penn Township upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

West Penn Township is not an "employer" as defined by the Americans with Disabilities Act. See 42 U.S.C. § 12111(5)(A).

## THIRD AFFIRMATIVE DEFENSE

Plaintiff was not a qualified individual nor disabled within the meeting of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff was terminated for legitimate, non-discriminatory reasons.

## FIFTH AFFIRMATIVE DEFENSE

All pertinent conduct and action taken by West Penn Township was done in accordance with all established and existing laws, rules, regulations, statutes, and Constitutions of the United States and the Commonwealth of Pennsylvania.

9

## SIXTH AFFIRMATIVE DEFENSE

At all times material hereto, the Township's actions did not violate Plaintiff's rights under the Americans with Disabilities Act nor did its actions constitute retaliation under the Americans with Disabilities Act.

## SEVENTH AFFIRMATIVE DEFENSE

No act, action, or omission of the Township was the proximate cause or legal cause of any damage allegedly sustained by Plaintiff and this constitutes a compete defense to the within causes of action.

## EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages as alleged, then such damages were not caused by any violations of Plaintiff's rights under any applicable laws of the United States, the United States Constitution, or the State of Pennsylvania.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any recoverable damages pursuant to the ADA, FLSA, or Pennsylvania law.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the relevant statutes of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

At all times material hereto, and to the extent required, the Township provided reasonable accommodations and engaged in the interactive process with Plaintiff.

10

## TWELFTH AFFIRMATIVE DEFENSE

Any actions taken by the Township relating to Plaintiff's employment were due to independent and legitimate reasons.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Township did not take any materially adverse employment action against Plaintiff in violation of her rights under the ADA.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Township at all times acted reasonably, prudently, and in good faith.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim under the FLSA upon which relief may be granted. 29 U.S.C.A. § 201 et seq.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for breach of contract.

SIANA LAW

By:          **/s/ Sheryl L. Brown**
Sheryl L. Brown, Esquire, I.D. #59313
Attorney for Defendant, *West Penn Township*
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425
(P): 610.321.5500 (F): 610.321.0505
slbrown@sianalaw.com

11

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CARLA FRITZ, | : | |
| | : | |
| Plaintiff, | : | No.: 3:24-CV-01105-JKM |
| | : | |
| v. | : | |
| | : | |
| WEST PENN TOWNSHIP, | : | CIVIL ACTION - LAW |
| | : | |
| Defendant. | : | |
| | : | |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this day a true and correct copy

of *Defendant West Penn Township's Answer to Plaintiff's Amended Complaint with*

*Affirmative Defenses* was served upon the following via ECF:

> Gerald J. Hanchulak, Esquire
> 345 Wyoming Ave, Suite 205
> Scranton, PA 18503

**SIANA LAW**

Date: October 7, 2024          By:   ***/s/ Sheryl L. Brown***

Sheryl L. Brown, Esquire, I.D. #59313
Attorney for Defendant, *West Penn Township*
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425
(P): 610.321.5500 (F): 610.321.0505
slbrown@sianalaw.com

12